IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § § § | |
| PLAINTIFF, | | |
| vs. | § § § § § § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | | |
| DEFENDANTS. | | |

### DEFENDANT CATALINA MARKETING CORPORATION'S
### MOTION FOR PROTECTIVE ORDER

Defendant Catalina Marketing Corp. asks the Court to enter the attached proposed Protective Order in this case pursuant to Federal Rule 26(c), or in the alternative, to issue a Protective Order limiting access to Defendant's proprietary software code to opposing counsel and independent experts.

### A.    Introduction

Expanse Networks, Inc. ("Plaintiff") has sued Catalina Marketing Corporation ("Defendant") for patent infringement in this Court, alleging that some of Defendant's systems infringe on United States Patent No. 6,216,129, which is assigned to Plaintiff.

The parties have conferred in a good-faith effort to come to an agreement concerning the scope of a proposed Protective Order in this case that would protect confidential and secret information of both parties, without court action, as required by Federal Rule of Civil Procedure 26(c), as stated in the attached certificate of conference.  The parties are in agreement that a protective order should be entered and agree on most of the terms and scope of the attached proposed Protective Order.  The one area of disagreement is described below.

Both parties have served written discovery seeking confidential information of the other side. Both parties objected to the discovery on the basis that confidential information was sought and no Protective Order had been entered. Further, Defendant has offered to allow review of its software and/or software source code, with the stipulation that it be classified as "highly confidential" under the terms of paragraph 6 of the proposed Protective Order, such that it can only be reviewed by opposing counsel and independent experts. Defendant believes its software should be classified as "highly confidential" under the proposed Protective Order to prevent possible revelation of trade secrets and other competitive business information to Plaintiff, its competitor in industry. Plaintiff has requested that persons employed by Plaintiff be allowed to perform the review of Defendant's software.

Defendant respectfully asks this Court to issue the attached Protective Order to govern discovery in the above case. In the alternative, Defendant would ask this Court to issue an Order limiting review of its software to counsel of record and independent experts.

### B. Argument

The court has broad discretion to protect a party with a protective order on a showing of good cause. *See* FED. R. CIV. P. 26(c). To determine good cause, the court must balance the movant's privacy interests in the information against the right of the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *Glenmeade Trust Company et. al. v. Thompson et. al.*, 53 F.3d 476, 483 (3d Cir., 1995). Good cause is established when it can be demonstrated that the disclosure will cause a clearly defined and serious injury. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

Defendant works in the highly competitive industry of commercial advertising. Plaintiff competes in the same industry. Defendant's software incorporates its accumulated business knowledge, confidential business information, and trade secrets that enable it to compete in the marketplace. Limitations on the revelation of trade secrets and confidential business information are grounds upon which a court can find good cause to issue a protective order limiting access to the information to specific persons. *See* FED. R. CIV. P. 26(c)(7); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Miles v. The Boeing Co.*, 154 F.R.D. 112, 115 (E.D. PA, 1994).

An analysis and review of Defendant's software by persons working for Plaintiff, especially technical persons such as the inventor of the patent in issue in this suit, who is Plaintiff's Chairman and Chief Technology Officer, could reveal Defendant's accumulated business knowledge, confidential business information, and trade secrets to Plaintiff, putting Defendant at a competitive disadvantage. Plaintiff could use Defendant's technical and business knowledge to compete with Plaintiff, to Defendant's detriment. *See Sprinturf, Inc. v. Southwest Recreational Industries, Inc.*, 2003 U.S. Dist. Lexis 470, *9 (E.D. PA 2003). Additionally, Plaintiff upon learning this information, could have difficulty in differentiating the knowledge they had before viewing Defendant's software from knowledge acquired by reviewing Defendant's software. This could also result in loss of competitive business advantage and loss of trade secrets, which would inflict serious injury to Defendant's ability to compete in business. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). This damage to Defendant could not be cured once the secret and confidential information has been revealed; this is the type of serious injury that was anticipated when the rules governing protective orders were being written.

Limiting review of this information to Plaintiff's counsel and independent experts would not harm Plaintiff's ability to have the information analyzed to determine the scope of Defendant's products, nor hamper Plaintiff's counsel in preparing their case, and would simultaneously protect Defendant's trade secrets and competitive business advantage. *See Zenith Radio Corp. v. Matsushia Elec. Indus. Co.*, 529 F.Supp 866 (E.D. PA 1981).

### C. Conclusion

Defendant has shown that revelation of its trade secret and confidential business information to Plaintiff would inflict serious harm on its ability to continue to be competitive in the industry, whereas disclosing that information only to Plaintiff's counsel and independent experts would not work harm on the parties or the public. For these reasons, Defendant asks the Court to sign and issue the attached Protective Order. In the alternative, Defendant would ask the Court to issue a confidentiality order that would limit review of its software to opposing counsel and independent experts only.

Respectfully Submitted,

Dated: July 21, 2003

_____

Camille M. Miller
COZEN & O'CONNOR.
1900 Market St.
Philadelphia, PA 19103
Telephone No. (215) 665-7273
Facsimile No. (215) 665-2013

Dawn C. Wolff
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999

**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING CORP.**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on various occasions over the last several months, I Paul V. Storm, counsel for Defendant Catalina Enterprises, Inc. conferred with Edward Goldstein, counsel for Plaintiff regarding the relief requested in this Motion. The parties, after a reasonable effort, were not able to reach an agreement regarding the relief requested in this motion. Mr. Goldstein indicated that Plaintiffs are OPPOSED to Defendant's Motion for Entry of a Protective Order in the form proposed herein.

_____

Paul V. Storm

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing MOTION FOR PROPOSED PROTECTIVE ORDER was served upon the attorneys of record of all parties to the above cause by facsimile and first class mail in accordance with Federal Rules of Civil Procedure, on this _____ day of July, 2003, addressed as follows:

**Attorneys for Plaintiff**

Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Tel: (215) 735-8700
Fax: (215) 735-5170

Edward W. Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737

_____