```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **EXPANSE NETWORKS, INC.** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 02-CV-2857 |
| | : | |
| **CATALINA MARKETING CORP.,** | : | |
| Defendant. | : | |

## ORDER

AND NOW, this      day of September, 2003, upon consideration of Defendant's Motion for Protective Order or, in the alternative, Motion for Confidentiality Order, and Plaintiff's response thereto, it is hereby ORDERED as follows:

(1) the motion for protective order that designates trade secrets and confidential information as limited to access by Plaintiff's counsel and independent experts only is DENIED.[1]

---

[1] Defendant here seeks a broad protective order limiting access to various documents and materials including, but not limited to, items allegedly designated as "highly confidential" or "confidential" and "trade secrets." While an "umbrella" protective order may be employed by the court, it must be upon a threshold showing of good cause by the movant. <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1122 (3rd Cir. 1993). In order to satisfy the good cause prong, the injury must be demonstrated with appropriate specifics. "The burden is upon the movant to show necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements..." <u>General Dynamics Corp. v. Selb Mfg. Co.</u>, 481 F.2d 1204 (8th Cir. 1973). See Also: <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3rd Cir. 1994)(noting that "good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." ). "Broad allegations of harm, unsubstantiated by

(2) the motion for confidentiality order limiting access and review of Defendant's Computer Software and/ or Source Code to opposing counsel and independent experts only as agreed to by the parties is GRANTED.

BY THE COURT:

_____
J. CURTIS JOYNER,  J.

---

specific examples or articulated reasoning, do not support a good cause showing." Id.

In this case, Defendant has first failed in putting forth evidence demonstrating that the material which it seeks to protect qualifies for protection.  Defendant has further failed to show good cause for restricting dissemination on the ground it would be harmed by disclosure. Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323,325 (10th Cir. 1981), see also Wright & Miller, 8 Federal Practice and Procedure Civil 2d, §2043 (1994).  Merely stating that the revelation of potential trade secrets and confidential business information through discovery will inflict serious harm thereby placing Defendant at a competitive disadvantage, does not pass the threshold of specificity required.  We therefore must deny the motion.