**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EXPANSE NETWORKS, INC.** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 02-CV-2857** |
| | § | |
| **CATALINA MARKETING CORP.,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**DEFENDANT CATALINA MARKETING CORPORATION'S
MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENAS
UNDER RULES 26 AND 45**

Defendant Catalina Marketing Corp. asks the Court to issue a Protective Order in this case pursuant to Federal Rule 26(c) to modify the scope of discovery so that Plaintiff EXPANSE NETWORKS, INC. cannot employ discovery procedures, namely subpoenas under Fed. R. Civ. P. 45, to harass the customers of Defendant CATALINA MARKETING CORP.

### A. Introduction

Expanse Networks, Inc. ("Expanse") has sued Catalina Marketing Corporation ("Catalina") for patent infringement in this Court, alleging that some of Defendant's systems infringe on United States Patent No. 6,216,129, which is assigned to Plaintiff.

On or about April 1, 2004, Expanse issued $10^1$ subpoenas, each of which is similar in scope, to 10 customers of Catalina: Albertson's Inc., Kraft Foods, Inc., Johnson & Johnson, CVS Corp., Safeway, Inc., Rite Aid Corp., The Procter & Gamble Co., Inc., Nestle USA, Inc., Pfizer, Inc., and Kroger Company. True and correct copies of these subpoenas are attached as Exhibits 1 through 11.

---

1  There actually are 11 subpoenas. Duplicates were sent to Nestle USA, Inc. at two different addresses.

These subpoenas seek production of documents and each is virtually identical with the difference being the witness. For example, each subpoena requests:

**REQUEST NO. 1.** All documents and things referring or relating to services performed for [WITNESS] by Catalina Marketing Corp., its divisions, and or subsidiaries ("Catalina")

Each subpoena has 13 such requests that are clearly aimed at obtaining the billing and payment records and records of services provided by Catalina to each of these customers. Clearly, the same or similar information can be obtained from Catalina.[2] Expanse's attempt to obtain this information from Catalina's customers is a cynical attempt to "taint" the customers with this lawsuit and to thereby harass both Catalina and its customers. Upon information and belief, there is no greater burden to Expanse to obtain this information from Catalina directly rather than put its customers, not parties to this action, to the burden of responding. Moreover, Catalina considers this information to be confidential such that it should be disclosed pursuant to the Protective Order already entered by this Court to protect against the widespread dissemination of proprietary, confidential and trade secret information belonging to the parties and disclosed in this litigation. Forcing the witnesses to whom these subpoenas have been directed to lodge and address similar objections in Courts all over the nation is counterproductive and a burden on the witnesses as well as the judicial system and Catalina.

Defendant respectfully asks the Court to issue a Protective Order prohibiting Expanse from seeking discovery from third parties absent a showing that the discovery cannot be obtained from Catalina.

---

2    It may well be that this information was within the overly broad and burdensome production requests made by Expanse to Catalina in May 2003 or the second requests for production served April 7, 2004. However, Expanse has never addressed the objections raised by Catalina to the first requests, either informally or by Motion to Compel, and responses are not even due to the second requests for another two weeks after the subpoena response date.

## B. Argument

The court has broad discretion to protect a party with a protective order on a showing of good cause under Rule 26. *See* FED. R. CIV. P. 26(c). A motion for protective order under Rule 26 is a valid means for a party to object to third-party discovery through subpoenas under Rule 45. *United States v. Bell*, 2002 U.S. Dist. LEXIS 14470 (M. D. Pa. 2002); *Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 528 (D. Del. 2002).

Rule 45 directs a court to quash or modify a subpoena "if it ... subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). In determining if compliance with the subpoena would create an undue burden, the court should consider not only the potential burden to the producing party, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources. *Cash Today of Tex. v. Greenberg*, 2002 U.S. Dist. LEXIS 20694, 13-14 (D. Del. 2003). In this undue burden inquiry, nonparties are afforded "special protection." *Cash Today,* at 13, citing *Exxon Shipping Co. v. United States Dept. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994).

Here, Expanse seeks information, typified by Request No. 1, reproduced above, that clearly is in the possession, custody, and control of Catalina: records dealing with its relationships with its customers. Not only does seeking this information from non-parties burden those parties, it burdens Catalina's relationship with those parties by needlessly involving them in litigation in which they have no real interest. As described in the Certificate of Conference, during a teleconference on April 20th, Catalina's attorneys attempted to resolve this matter with Expanse by requesting that Expanse provide Catalina with narrower and specific categories of documents sought so that the documents could be obtained from Catalina rather than its customers. Upon the suggestion by Expanse's attorney that Expanse was interested in "reports" generated by Catalina for its customers, Expanse was requested to provide Catalina with

narrower categories of document requests, including the type of report and specific product for which reports were sought, so that the documents sought could be obtained from Catalina rather than third parties. This request was made because "reports" is still too broad, without identification of at least the types of reports (which could include completely unrelated financial reports) or the specific products (which could include products unrelated to the accused infringement) for which reports were sought. On April 21st, Expanse's attorney responded with the same broad category of "reports" generated by Catalina, without narrowing or focusing the category at all. A true and correct copy of an email from Jody Goldstein to Robin Barnes is attached as Exhibit 12. In light of Expanse's inability to narrow their request beyond "reports," the parties were unable to resolve the issue related to the subpoenas thereby necessitating this motion.

Why Expanse chose to seek the information from third parties rather than from Catalina directly (either by express request for production or by addressing, formally or otherwise, Catalina's objections to their previous requests for production, including providing narrower categories of document requests per the invitation by Catalina's attorney on April 20th) is a matter for speculation. That the result of their seeking it from third parties is to burden them and unnecessarily involve them in this litigation is unquestionable. Further, by involving Catalina's customers in this litigation, Expanse is harassing and embarrassing Catalina and forcing it to move for this protective order. Expanse has shown no reason it need to harass third parties for this discovery and Catalina respectfully submits that it cannot. Catalina and its customers should be protected from the burden and harassment entailed by the subpoenas.

### C  Conclusion

The subpoenas issued by Plaintiff Expanse to ten of Catalina's customers burden the customers and therefore burden Catalina because they seek information regarding the customers' relationships with Catalina:  information that can be obtained directly from Catalina.

Dated:  April 21, 2004

Respectfully Submitted,

Camille M. Miller
COZEN & O'CONNOR.
1900 Market St.
Philadelphia, PA 19103
Telephone No. (215) 665-7273
Facsimile No. (215) 665-2013

John W. MacPete
Paul V. Storm
Robin L. Barnes
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999

**ATTORNEYS FOR DEFENDANT**
**CATALINA MARKETING CORP.**

## CERTIFICATE OF CONFERENCE

On April 20, 2004, John W. MacPete, counsel for Defendant Catalina Marketing Corporation, conferred with Jody Goldstein, counsel for Plaintiff, regarding the relief requested in this Motion. In an attempt to resolve this matter and upon Ms. Goldstein's suggestion that Expanse was interested in "reports" generated by Catalina for its customers, Ms. Goldstein was requested to provide Catalina with narrower categories of document requests, including the type of report and specific product for which reports were sought, so that the documents sought could be obtained from Catalina rather than third parties. On April 21, 2004, Ms. Goldstein responded with the same broad category of "reports" generated by Catalina, without narrowing or focusing the category at all. Therefore, after reasonable effort, the parties were not able to reach an agreement regarding the relief requested in this motion. Ms. Goldstein indicated that Plaintiff is OPPOSED to Defendant's Motion for Protective Order regarding the subpoenas served in this matter.

John W. MacPete

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing MOTION FOR PROTECTIVE ORDER

REGARDING SUBPOENAS was served upon the attorneys of record of all parties to the above

cause by facsimile and first class mail in accordance with Federal Rules of Civil Procedure, on

this _April 21 st_____ 2004, addressed as follows:


Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Tel: (215) 735-8700
Fax: (215) 735-5170

Edward W. Goldstein
Jody Goldstein
GOLDSTEIN & FAUCETT
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737
**Attorneys for Plaintiff**

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

_____ DISTRICT OF _____    IDAHO

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

## SUBPOENA IN A CIVIL CASE

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:  Albertson's, Inc.
     Attention: Custodian of Records
     250 E. Parkcenter Blvd.
     Boise, ID 83706

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP  1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515


EXHIBIT

AO-88 (Rev 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | 250 E. Parkcenter Blvd.; Boise, ID 83706 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Albertson's, Inc. | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/1/04___
DATE

_Delores D Malone_
SIGNATURE OF SERVER

ADDRESS OF SERVER _1177 West Loop South #400_
_Houston, TX 77027_

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Albertson's" as used herein means (1) Albertson's, Inc. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Albertson's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Albertson's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Albertson's, as defined above.

### INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Albertson's, or in the possession custody, or control of Albertson's, including all documents and things known or available to Albertson's attorneys, agents, representatives, investigators, or any other person acting on behalf of Albertson's or under the direction or control of Albertson's or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.    If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Albertson's by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Albertson's.

**REQUEST NO. 3.**    All documents and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Albertson's by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Albertson's, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Albertson's for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Albertson's and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Albertson's and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Albertson's as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Albertson's, including but not limited by race, gender, age and/or income.

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

_____ DISTRICT OF _____ RHODE ISLAND

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT  FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:  CVS Corporation
Attention:  Custodian of Records
One CVS Drive
Woonsocket, RI  02895

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
2

AO-88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | One CVS Drive, Woonsocket, RI 02895 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, CVS Corporation | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/1/04___
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  *1177 West Loop South #450 Houston, TX 77027*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　　(1)　A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　　(2)(A)　A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　　(B)　Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
　　(3)(A)　On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i)　fails to allow reasonable time for compliance;
　　(ii)　requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　　(iii)　requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　　(iv)　subjects a person to undue burden.
　　(B)　If a subpoena
　　(i)　requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii)　requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii)　requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)　　DUTIES IN RESPONDING TO SUBPOENA.
　　(1)　A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　　(2)　When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "CVS" as used herein means (1) CVS Corporation and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on CVS's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including CVS's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

C.    "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.    "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.    "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.    "Thing" as used herein means any physical object other than a "document."

G.    "You/your" as used herein means CVS, as defined above.

## INSTRUCTIONS

1.    These requests call for documents and things (including any information contained in or on any document or thing) that is available to CVS, or in the possession custody, or control of CVS, including all documents and things known or available to CVS's attorneys, agents, representatives, investigators, or any other person acting on behalf of CVS or under the direction or control of CVS or its attorneys or agents.

2.    If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.    If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.      If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

5

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for CVS by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by CVS.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for CVS by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to CVS, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by CVS for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between CVS and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between CVS and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by CVS as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or CVS, including but not limited by race, gender, age and/or income.

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

DISTRICT OF _____ NEW JERESEY

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:    Johnson & Johnson
       Attention:  Custodian of Records
       One Johnson & Johnson Plaza
       New Brunswick, NJ  08933

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
tabbies
**3**

AO-88 (Rev 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| SERVED | DATE 04/01/04 | PLACE One Johnson & Johnson Plaza; New Brunswick, NJ 08933 |
|---|---|---|

| SERVED ON (PRINT NAME) Custodian of Records, Johnson & Johnson | MANNER OF SERVICE via FedEx |
|---|---|
| SERVED BY (PRINT NAME) Delores D. Malone | TITLE Legal Assistant |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/1/04
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  1177 West Loop South #400
Houston, TX  77027

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)    fails to allow reasonable time for compliance;
      (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)    subjects a person to undue burden.
   (B)    If a subpoena
      (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)    DUTIES IN RESPONDING TO SUBPOENA.
   (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Johnson & Johnson" as used herein means (1) Johnson & Johnson and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Johnson & Johnson's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Johnson & Johnson's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Johnson & Johnson, as defined above.

## **INSTRUCTIONS**

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Johnson & Johnson, or in the possession custody, or control of Johnson & Johnson, including all documents and things known or available to Johnson & Johnson's attorneys, agents, representatives, investigators, or any other person acting on behalf of Johnson & Johnson or under the direction or control of Johnson & Johnson or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or

4

instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

4.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.    If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

5

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**   All documents and things referring or relating to services performed for Johnson & Johnson by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**   All documents and things referring or relating to payments made to Catalina by Johnson & Johnson.

**REQUEST NO. 3.**   All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Johnson & Johnson by Catalina.

**REQUEST NO. 4.**   All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**   All documents and things referring to or prepared or provided by Catalina to Johnson & Johnson, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**   All documents and things referring to or prepared for or provided by Johnson & Johnson for Catalina.

**REQUEST NO. 7.**   All documents and things referring to or exchanged by or passing between Johnson & Johnson and Catalina.

**REQUEST NO. 8.**   All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Johnson & Johnson and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Johnson & Johnson as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Johnson & Johnson, including but not limited by race, gender, age and/or income.

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

NORTHERN _____ DISTRICT OF _____ ILLINOIS

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:    Kraft Foods, Inc.
       Attention:  Custodian of Records
       Three Lakes Drive
       Northfield, IL  60093

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
| --- | --- |
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



AO-88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | Three Lakes Drive; Northfield, IL 60093 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Kraft Foods, Inc. | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/1/04___
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  *1177 West Loop South #400*
                                       *Houston, TX  77027*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

  (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance;

    (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)    subjects a person to undue burden.

  (B)    If a subpoena

    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

  (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Kraft" as used herein means (1) Kraft Foods, Inc. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Kraft's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Kraft's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.    "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.    "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.    "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.    "Thing" as used herein means any physical object other than a "document."

G.    "You/your" as used herein means Kraft, as defined above.

## INSTRUCTIONS

1.    These requests call for documents and things (including any information contained in or on any document or thing) that is available to Kraft, or in the possession custody, or control of Kraft, including all documents and things known or available to Kraft's attorneys, agents, representatives, investigators, or any other person acting on behalf of Kraft or under the direction or control of Kraft or its attorneys or agents.

2.    If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.    If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.      If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Kraft by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Kraft.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Kraft by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Kraft, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Kraft for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Kraft and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Kraft and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Kraft as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Kraft, including but not limited by race, gender, age and/or income.

7

AO-88 (Rev 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN _____ DISTRICT OF _____ OHIO

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

## SUBPOENA IN A CIVIL CASE

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:    Kroger Company
       Attention: Custodian of Records
       1014 Vine Street
       Cincinnati, OH  45202-1100

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
5
tabbies

AO-88 (Rev 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | 1014 Vine Street; Cincinnati, OH  45202-1100 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Kroger Company | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/1/04___
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  1177 West Loop South #400
Houston, TX  77027

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)    fails to allow reasonable time for compliance;
      (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)    subjects a person to undue burden.
   (B)    If a subpoena
      (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)       DUTIES IN RESPONDING TO SUBPOENA.
   (1)       A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)       When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Kroger" as used herein means (1) Kroger Company and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Kroger's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Kroger's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms. The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Kroger, as defined above.

## INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Kroger, or in the possession custody, or control of Kroger, including all documents and things known or available to Kroger's attorneys, agents, representatives, investigators, or any other person acting on behalf of Kroger or under the direction or control of Kroger or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.    If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

5

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Kroger by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Kroger.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Kroger by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Kroger, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Kroger for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Kroger and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Kroger and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Kroger as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Kroger, including but not limited by race, gender, age and/or income.

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

_____CENTRAL_____    DISTRICT OF    _____CALIFORNIA_____

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:    Nestle USA, Inc.,
      Attn:  Custodian of Records
      800 North Brand Avenue
      Glendale, CA  91203

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515

AO-88 (Rev 11/91) Subpoena in a Civil Case


EXHIBIT
6

## PROOF OF SERVICE

| SERVED | DATE 04/01/04 | PLACE 800 North Brand Blvd.; Glendale, CA 91203-4306 |
|---|---|---|

| SERVED ON (PRINT NAME) Custodian of Records, Nestle USA, Inc. | MANNER OF SERVICE via FedEx |
|---|---|
| SERVED BY (PRINT NAME) Delores D. Malone | TITLE Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _4/1/04_
DATE

SIGNATURE OF SERVER _Delores D Malone_

ADDRESS OF SERVER _1177 West Loop South_
_Houston, TX  77027  #400_

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Nestle" as used herein means (1) Nestle USA, Inc. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Nestle's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Nestle's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Nestle, as defined above.

## INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Nestle, or in the possession custody, or control of Nestle, including all documents and things known or available to Nestle's attorneys, agents, representatives, investigators, or any other person acting on behalf of Nestle or under the direction or control of Nestle or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.    If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Nestle by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Nestle.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Nestle by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Nestle, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Nestle for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Nestle and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

**REQUEST NO. 9.**   All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**   All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**   All documents and things evidencing any agreements and/or contracts between Nestle and Catalina.

**REQUEST NO. 12.**   All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Nestle as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**   All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Nestle, including but not limited by race, gender, age and/or income.

7

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

DISTRICT OF _____  DELAWARE

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:   Nestle USA, Inc., Attn:  Custodian of Records
C/O CT Corporation System, Inc.
1209 Orange Street
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515

AO-88 (Rev 11/91) Subpoena in a Civil Case



EXHIBIT
**7**

## PROOF OF SERVICE

| SERVED | DATE<br>04/01/04 | PLACE<br>1209 Orange Street; Wilmington, DE 19801 |
|---|---|---|

| SERVED ON (PRINT NAME)<br><br>Custodian of Records, Nestle USA, Inc. | MANNER OF SERVICE<br><br>via FedEx |
|---|---|
| SERVED BY (PRINT NAME)<br><br>Delores D. Malone | TITLE<br><br>Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/1/04_____
          DATE

SIGNATURE OF SERVER _Delores D Malone_

ADDRESS OF SERVER _1177 West Loop South #400_
_Houston, TX 77027_

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)   fails to allow reasonable time for compliance;
      (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)  subjects a person to undue burden.
  (B)  If a subpoena
      (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)   DUTIES IN RESPONDING TO SUBPOENA.
    (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.      "Nestle" as used herein means (1) Nestle USA, Inc. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Nestle's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Nestle's distributors, sales and marketing allies, partners or associates.

B.      "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Nestle, as defined above.

## INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Nestle, or in the possession custody, or control of Nestle, including all documents and things known or available to Nestle's attorneys, agents, representatives, investigators, or any other person acting on behalf of Nestle or under the direction or control of Nestle or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.    If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

5

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**   All documents and things referring or relating to services performed for Nestle by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**   All documents and things referring or relating to payments made to Catalina by Nestle.

**REQUEST NO. 3.**   All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Nestle by Catalina.

**REQUEST NO. 4.**   All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**   All documents and things referring to or prepared or provided by Catalina to Nestle, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**   All documents and things referring to or prepared for or provided by Nestle for Catalina.

**REQUEST NO. 7.**   All documents and things referring to or exchanged by or passing between Nestle and Catalina.

**REQUEST NO. 8.**   All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**   All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**   All documents and things evidencing any agreements and/or contracts between Nestle and Catalina.

**REQUEST NO. 12.**   All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Nestle as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**   All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Nestle, including but not limited by race, gender, age and/or income.

7

AO-88 (Rev 11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:  Pfizer Inc.
Attention:  Custodian of Records
234 East 42nd Street
New York, NY  10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
8

AO-88 (Rev 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE<br>04/01/04 | PLACE<br>235 East 42nd Street; New York, NY 10017 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Pfizer Inc. | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____4/1/04____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER 1177 W. Loop South #400
                  Houston, TX  77027

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)    fails to allow reasonable time for compliance;
   (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)   subjects a person to undue burden.
   (B)   If a subpoena
   (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)         DUTIES IN RESPONDING TO SUBPOENA.
   (1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.      "Pfizer" as used herein means (1) Pfizer Inc. and its subsidiaries and divisions, (2) any

successors and predecessors thereto, and/or (3) any and all persons or entities acting on Pfizer's

behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives

thereof, and including Pfizer's distributors, sales and marketing allies, partners or associates.

B.      "Document(s)" as used herein is used in its broadest sense and includes, without limitation,

the original and all non-identical copies (including drafts and those with any notations) of all

"documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of

the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes

materials in digital forms.  The term "document(s)" includes but is not limited to any book,

pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine,

statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion,

investigation statement or report, schedule, annual, financing statement, audit report, tax return,

report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual),

microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however

produced.

3

C.     "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.     "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.     "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.     "Thing" as used herein means any physical object other than a "document."

G.     "You/your" as used herein means Pfizer, as defined above.

## INSTRUCTIONS

1.     These requests call for documents and things (including any information contained in or on any document or thing) that is available to Pfizer, or in the possession custody, or control of Pfizer, including all documents and things known or available to Pfizer's attorneys, agents, representatives, investigators, or any other person acting on behalf of Pfizer or under the direction or control of Pfizer or its attorneys or agents.

2.     If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.     If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.      If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**   All documents and things referring or relating to services performed for Pfizer by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**   All documents and things referring or relating to payments made to Catalina by Pfizer.

**REQUEST NO. 3.**   All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Pfizer by Catalina.

**REQUEST NO. 4.**   All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**   All documents and things referring to or prepared or provided by Catalina to Pfizer, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**   All documents and things referring to or prepared for or provided by Pfizer for Catalina.

**REQUEST NO. 7.**   All documents and things referring to or exchanged by or passing between Pfizer and Catalina.

**REQUEST NO. 8.**   All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

**REQUEST NO. 9.**   All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**   All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**   All documents and things evidencing any agreements and/or contracts between Pfizer and Catalina.

**REQUEST NO. 12.**   All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Pfizer as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**   All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Pfizer, including but not limited by race, gender, age and/or income.

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

SOUTHERN _____ DISTRICT OF _____ OHIO

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:   The Procter & Gamble Company
      Attention:  Custodian of Records
      One Procter & Gamble Plaza
      Cincinnati, OH  45202

□ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

□ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
9

AO-88 (Rev 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| SERVED | DATE 04/01/04 | PLACE One Procter & Gamble Plaza; Cincinnati, OH 45202 |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Procter & Gamble Company | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.     "Procter & Gamble" as used herein means (1) The Procter & Gamble Company and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Procter & Gamble's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Procter & Gamble's distributors, sales and marketing allies, partners or associates.

B.     "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.     "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.     "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.     "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.     "Thing" as used herein means any physical object other than a "document."

G.     "You/your" as used herein means Procter & Gamble, as defined above.

## INSTRUCTIONS

1.     These requests call for documents and things (including any information contained in or on any document or thing) that is available to Procter & Gamble, or in the possession custody, or control of Procter & Gamble, including all documents and things known or available to Procter & Gamble's attorneys, agents, representatives, investigators, or any other person acting on behalf of Procter & Gamble or under the direction or control of Procter & Gamble or its attorneys or agents.

2.     If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.     If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.      If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Procter & Gamble by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Procter & Gamble.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Procter & Gamble by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Procter & Gamble, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Procter & Gamble for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Procter & Gamble and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Procter & Gamble and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Procter & Gamble as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Procter & Gamble, including but not limited by race, gender, age and/or income.

7

AO-88 (Rev 11/91) Subpoena in a Civil Case

# *United States District Court*

_____MIDDLE_____ DISTRICT OF _____PENNSYLVANIA_____

## SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:   Rite Aid, Corp.
      Attention:  Custodian of Records
      30 Hunter Lane
      Camphill, PA  17011

□ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

□ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP   1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



**EXHIBIT**
**10**

AO-88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | 30 Hunter Lane; Camp Hill, PA 17011 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Rite Aid, Corp. | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/1/04
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  1177 West Loop South #400
Houston, TX  77027

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.
(B)   If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Rite Aid" as used herein means (1) Rite Aid,Corp. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Rite Aid's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Rite Aid's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Rite Aid, as defined above.

### INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Rite Aid, or in the possession custody, or control of Rite Aid, including all documents and things known or available to Rite Aid's attorneys, agents, representatives, investigators, or any other person acting on behalf of Rite Aid or under the direction or control of Rite Aid or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.      If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

5

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Rite Aid by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Rite Aid.

**REQUEST NO. 3.**    All documents and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Rite Aid by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Rite Aid, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Rite Aid for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Rite Aid and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

6

**REQUEST NO. 9.**    All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**    All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**    All documents and things evidencing any agreements and/or contracts between Rite Aid and Catalina.

**REQUEST NO. 12.**    All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Rite Aid as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**    All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Rite Aid, including but not limited by race, gender, age and/or income.

7

AO-88 (Rev 11/91) Subpoena In a Civil Case

# *United States District Court*

| NORTHERN | DISTRICT OF | CALIFORNIA |
|---|---|---|

### SUBPOENA IN A CIVIL CASE

EXPANSE NETWORKS, INC.

v.

CATALINA MARKETING CORP.

CIVIL ACTION NUMBER: 02-CV-2857
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

TO:  Safeway Inc.
Attention:  Custodian of Records
5918 Stoneridge Mall Rd.
Pleasanton, CA  94588-3229

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Goldstein & Faucett, LLP  1177 West Loop South, Suite 400  Houston, TX 77027 | April 22, 2004 at 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jody M. Goldstein, Attorney for Plaintiff, Expanse Networks, Inc. | 4/1/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Goldstein & Faucett, LLP    1177 West Loop South, Suite 400  Houston, TX 77027   (713) 877-1515



EXHIBIT
11

AO-88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 04/01/04 | 5918 Stoneridge Mall Rd.; Pleasanton, CA 94588-3229 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records, Safeway Inc. | via FedEx |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Delores D. Malone | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/1/04_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER _1177 West Loop South #400_
_Houston, TX 77027_

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply when used in these discovery requests:

A.    "Safeway" as used herein means (1) Safeway Inc. and its subsidiaries and divisions, (2) any successors and predecessors thereto, and/or (3) any and all persons or entities acting on Safeway's behalf, including but not limited to employees, officers, directors, attorneys, agents or representatives thereof, and including Safeway's distributors, sales and marketing allies, partners or associates.

B.    "Document(s)" as used herein is used in its broadest sense and includes, without limitation, the original and all non-identical copies (including drafts and those with any notations) of all "documents," "writings," "recordings," and "photographs" of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes materials in digital forms.  The term "document(s)" includes but is not limited to any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual, financing statement, audit report, tax return, report, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail, and all other electronic and digital forms of communication, however produced.

3

C.      "Person" as used herein means natural persons and any and all other legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies.

D.      "Refer to" or "relate to" as used herein means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

E.      "Evidencing" as used herein means tending to show, in any probative manner, the existence or nonexistence of any matter.

F.      "Thing" as used herein means any physical object other than a "document."

G.      "You/your" as used herein means Safeway, as defined above.

## INSTRUCTIONS

1.      These requests call for documents and things (including any information contained in or on any document or thing) that is available to Safeway, or in the possession custody, or control of Safeway, including all documents and things known or available to Safeway's attorneys, agents, representatives, investigators, or any other person acting on behalf of Safeway or under the direction or control of Safeway or its attorneys or agents.

2.      If you object to any request or part thereof, produce all documents to which your objection does not apply.

3.      If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and

4

state the interpretation you are using in responding.

4.     In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bringing within the scope of these requests any document which might otherwise be considered beyond its scope.

6.     If any of the documents cannot be produced in full, you are requested to produce them to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1.**    All documents and things referring or relating to services performed for Safeway by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina").

**REQUEST NO. 2.**    All documents and things referring or relating to payments made to Catalina by Safeway.

**REQUEST NO. 3.**    All documents  and things referring or relating to invoices, bills of sale, shipping records, or the like, relating to services performed for Safeway by Catalina.

**REQUEST NO. 4.**    All correspondence with or referring or relating to Catalina.

**REQUEST NO. 5.**    All documents and things referring to or prepared or provided by Catalina to Safeway, including but not limited to analyses, plans, reports or summaries.

**REQUEST NO. 6.**    All documents and things referring to or prepared for or provided by Safeway for Catalina.

**REQUEST NO. 7.**    All documents and things referring to or exchanged by or passing between Safeway and Catalina.

**REQUEST NO. 8.**    All documents and things referring to or relating to United States Patent Nos. 6,298,348 or 6,216,129.

**REQUEST NO. 9.**   All documents and things relating to Dr. Charles A. Eldering, the inventor of United States Patents 6,298,348 or 6,216,129.

**REQUEST NO. 10.**   All documents and things referring to or relating to Expanse Networks, Inc. a Delaware Corporation with its principal place of business at 300 N. Broad Street, Doylestown, Pennsylvania 18901.

**REQUEST NO. 11.**   All documents and things evidencing any agreements and/or contracts between Safeway and Catalina.

**REQUEST NO. 12.**   All documents and things referring to or relating to any marketing, mailings or advertisement programs undertaken by Safeway as a result of services performed or information provided by Catalina.

**REQUEST NO. 13.**   All documents and things relating to any profiling, segmenting, identifying or categorizing of consumers by Catalina and/or Safeway, including but not limited by race, gender, age and/or income.

7

## Robin Barnes

**From:** Jody Goldstein [jgoldstein@gfiplaw.com]

**Sent:** Wednesday, April 21, 2004 1:41 PM

**To:**   Robin Barnes

Robin,

I had told John that I would send you something to give him an idea of exactly what we are looking for from the parties we subpoenaed. As we stated in the subpoenas, we are essentially looking for reports generated by Catalina for its customers. We have received nothing of the sort thus far in discovery and therefore felt entitled to go to the customers for them.

As I told John, I would withdraw the subpoenas only after we have the requested information, be it from Catalina itself, or its customers.

Not sure if this helps any.

Jody

Jody M. Goldstein

Goldstein & Faucett, L.L.P.

1177 West Loop South, 4th Floor

Houston, TX 77027

phone: (713) 877-1515

fax: (713) 877-1145

jgoldstein@gfiplaw.com

**Please note that my email address has changed to jgoldstein@gfiplaw.com.  Please make the necessary changes to your address book.**

Confidentiality Note

This electronic transmission and any accompanying documents contain information from the law firm of Goldstein & Faucett, L.L.P. The information may be confidential and/or privileged and is intended to be solely for the use of the individuals or entity named in this electronic transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this electronic transmission or any accompanying documents is prohibited. If you have received this electronic transmission in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.



EXHIBIT
*tabbies*
12