IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § | |
| PLAINTIFF, | § § | |
| vs. | § § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | § § | |
| DEFENDANT. | § § | |

## MOTION FOR AGREED AMENDED PROTECTIVE ORDER

The parties hereby jointly agree to the attached Amended Protective Order and move the Court to enter this Agreed Amended Protective Order pursuant to Rule 26(c) to prevent the unnecessary disclosure or dissemination of confidential information.

Defendant previously moved this Court for a Protective Order, or in the alternative, a Confidentiality Order, and the Court granted Defendant's motion for confidentiality order limiting access and review of Defendant's Computer Software and/or Source Code to opposing counsel and independent experts only as agreed to by the parties, but denied Defendant's motion for protective order in reference to confidential information.

The parties have agreed that additional protection is reasonably necessary to protect sensitive and confidential information from unnecessary disclosure, in particular protection of confidential information has been narrowed down to specified types of documents, such as source codes, trade secrets, pending patent applications, training manuals, business plans, and investment information.

The parties, through counsel, have stipulated to and respectfully request entry of this Agreed Amended Protective Order. The parties believe that the attached Agreed Amended

Protective Order is reasonably narrow and specific, and does not place all discovery material under confidential status, so as to be consistent with this Court's policy on protective orders.

AGREED TO:

_____

John W. MacPete
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, Texas 75225
Ph  (214) 292-8300
Fax (214) 292-8999

Camille M. Miller
COZEN & O'CONNOR
1900 Market St.
Philadelphia, PA 19103
Ph  (215) 665-7273
Fax (215) 665-2013
**ATTORNEYS FOR DEFENDANT CATALINA MARKETING CORP.**

AGREED TO:

_____

Edward W. Goldstein
Jody Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South, Suite 400
Houston, Texas 77027
Ph  (713) 877-1515
Fax (713) 877-1737

Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Ph  (215) 735-8700
Fax (215) 735-5170
**ATTORNEYS FOR PLAINTIFF EXPANSE NETWORKS, INC.**

MOTION FOR AGREED AMENDED PROTECTIVE ORDER – 2

Protective Order is reasonably narrow and specific, and does not place all discovery material under confidential status, so as to be consistent with this Court's policy on protective orders.

AGREED TO:

_____
John W. MacPete
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, Texas 75225
Ph  (214) 292-8300
Fax (214) 292-8999

Camille M. Miller
COZEN & O'CONNOR.
1900 Market St.
Philadelphia, PA 19103
Ph  (215) 665-7273
Fax (215) 665-2013
**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING CORP.**

AGREED TO:

_____
Edward W. Goldstein
Jody Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South, Suite 400
Houston, Texas 77027
Ph  (713) 877-1515
Fax (713) 877-1737

Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Ph  (215) 735-8700
Fax (215) 735-5170
**ATTORNEYS FOR PLAINTIFF
EXPANSE NETWORKS, INC.**

**MOTION FOR AGREED AMENDED PROTECTIVE ORDER – 2**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2004, a copy of the foregoing document has been served via facsimile and First Class Mail in accordance with the Federal Rules of Civil Procedure upon the following:

Edward W. Goldstein
GOLDSTEIN & FAUCETT
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737

Steven M. Coren
KAUFMAN, COREN & RESS, P.C.
1525 Locust Street
17th Floor
Philadelphia, PA 19102
Tel: (215) 735-8700
Fax: (215) 735-5170

**ATTORNEYS FOR PLAINTIFF**

_____
Shawn Sutherland

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § | |
| PLAINTIFF, | § § | |
| vs. | § § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | § § | |
| DEFENDANT. | § § | |

### AGREED AMENDED PROTECTIVE ORDER

WHEREAS, the parties recognize that during the course of the above-captioned action ("Action") the parties may seek to obtain discovery of information which the party from whom discovery is sought considers to be confidential, including source codes, trade secrets, pending patent applications, confidential research and development, and confidential business and financial information; and

WHEREAS, the parties, through counsel, have stipulated to and respectfully request entry of this Agreed Amended Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

1.  This Order shall apply to all material produced or disclosed in this Action, relating to source codes, trade secrets, pending patent applications, confidential research and development, and confidential business and financial information, consisting of any and all such documents (whether written or graphic matter, no matter how produced, recorded, stored, or reproduced, including tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and

AGREED AMENDED PROTECTIVE ORDER – PAGE 1

EXHIBIT 1

data), things, deposition testimony, deposition exhibits, responses to interrogatories and requests for admissions, and all other information and material (collectively, "Discovery Material") produced or disclosed by a party or third party (the "Producing Party") to another party (the "Receiving Party").

2. All Discovery Material produced by a Producing Party in the course of this Action, relating to source codes, trade secrets, pending patent applications, confidential research and development, and confidential business and financial information, shall be used by the Receiving Party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever without a Court order permitting such other use, and shall not be disclosed to any person except in accordance with the terms hereof.

3. Discovery Material may be designated as "Confidential" or "Highly Confidential" by the Producing Party or Receiving Party, including third parties, ("Designating Party"):

(a) Discovery Material designated as "Confidential," or with reasonably comparable language, shall be limited to Discovery Material that the Designating Party has treated as confidential in the ordinary course of business, which has not been disclosed publicly and which the Designating Party believes in good faith must be held confidential to protect business or commercial interests.

(b) Discovery Material designated as "Highly Confidential," or with reasonably comparable language, shall be limited to Discovery Material which the Designating Party has treated as confidential in the ordinary course of business, which has not been disclosed publicly and which the Designating Party believes in good faith must be held confidential to protect business or commercial interests because the information is of the most sensitive nature that would reveal significant technical or business advantages of the Designating Party if

disclosed to a competitor or persons of expertise in the area, AND which constitutes or relates to (i) business plans (including but not limited to financial projections, competitive strategy and business or financial models); (ii) personal financial or investment information; (iii) financial information (including but not limited to revenues, costs, expenditures, compensation and profits); (iv) details of business relationships (including but not limited to bids, proposals, offers, licenses and other contractual terms); (v) technical information (including but not limited to information regarding the structure, function or operation of a commercial or prototype product or service, internal presentations, training manuals, program reports, trade secrets, and draft patent applications); or (vi) confidential government filings (including but not limited to tax returns, unpublished patent applications, and non-public prosecution documents).

In designating information as "Confidential" or "Highly Confidential," the Designating Party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material that is available to the public, including catalogs, press releases, advertising materials, and the like shall not be classified as "Confidential" or "Highly Confidential."

4.   Documents produced in this Action may be designated by any party or third party "Confidential," or "Highly Confidential," information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Highly Confidential." A party's designation of documents or information in tangible form as "Confidential" or "Highly Confidential" shall extend to any information contained in or derived from such documents or information, in whatever form or media it may exist.

5.   "Qualified Recipients," who may receive or review "Confidential" and/or "Highly Confidential" information are as follows:

(a) Attorneys of record for the parties in this Action, including the respective partners, of counsel, associates and employees of such attorneys to whom it is necessary that the material be shown for purposes of this Action, including outside vendors who specialize in the business of photocopying or similar clerical functions (but specifically excluding any attorney that is a corporate officer, director, or employee of a party, except as otherwise provided herein) may receive and review both "Confidential" and "Highly Confidential" information;

(b) The Court, any court personnel involved with the Action and court reporters may receive and review both "Confidential," and "Highly Confidential," information;

(c) Actual or potential independent technical or legal experts or consultants, who have signed the Confidentiality Agreement in the form of Exhibit "A" attached hereto, may receive and review both "Confidential" and "Highly Confidential" information; and

(d) Actual or potential technical or legal experts or consultants that are employees, corporate officers, or directors of a party (including a parent company or direct or indirect subsidiary company of a party) or that have been employed by or served as an officer or director of a party (including a parent company or direct or indirect subsidiary company of a party) within the last 15 years, who have signed the Confidentiality Agreement in the form of Exhibit "A" attached hereto, may receive and review "Confidential" information, but are not permitted to receive or review "Highly Confidential" information.

(e) Current employees, corporate officers, directors, and in-house attorneys may receive and review "Confidential" information but are not permitted to receive or review "Highly Confidential" information.

(f) If this Court so elects, any other person may be designated as a Qualified Recipient by order of this Court, after notice and hearing to all parties, to receive and review

"Confidential" and/or "Highly Confidential" information.

6. Persons who are not Qualified Recipients under this Order may be examined as witnesses at depositions and trials, and may testify concerning all "Confidential" or "Highly Confidential" information of which such persons have prior knowledge. However, witnesses who are current or former employees of a party may be examined at depositions and trials concerning the "Confidential" and "Highly Confidential" information of the employing party regardless of having prior knowledge, provided such "Confidential" or Highly Confidential" information corresponds with the period of employment for the employee witness.

7. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of these proceedings with the designation by the Designating Party of any information as "Confidential" or "Highly Confidential" the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may move the Court for an order reclassifying the designated status of such information. The Objecting Party (Receiving Party or other Non-Designating Party) shall have the burden of establishing the impropriety of the designation as "Confidential" or "Highly Confidential" for such information.

8. In the event a party wishes to use any "Confidential" or "Highly Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Action, such "Confidential" or "Highly Confidential" information used therein shall be filed under seal with the Court. It shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this Action, an indication of the nature of the

contents of such sealed envelope or other container, the identity of the party filing the materials, the terms "Confidential—Subject to Protective Order" and a statement in substantially the following form:

> Contains Confidential Information
> Subject to Protective Order
> Open Only as Directed by the Court

No such sealed envelope shall be opened without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to such person or persons.

9. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Discovery Material in this Action shall be subject to the provisions of this Order.

10. Within one hundred twenty (120) days after conclusion of this Action and any appeal thereof, any document containing "Confidential" information or "Highly Confidential" information and all reproductions of such documents produced by a party, in the possession of any of the persons qualified under Paragraphs 5(a) through 5(f) shall be returned to the Producing Party or destroyed, except to the extent the parties agree otherwise or as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any Protective Orders entered in this Action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this Action.

11. The inadvertent or mistaken production of Discovery Material in which a designation of "Confidential" or "Highly Confidential" was omitted, should not be deemed a waiver of a claim of confidentiality, either as to the specific information disclosed or as to any

other information relating thereto or on the same or related subject matter. The Producing Party may promptly upon discovery of such disclosure in which the designation as "Confidential" or "Highly Confidential" was inadvertently omitted notify counsel for the Receiving Party regarding the correct confidentiality designation. The Receiving Party shall promptly mark all copies of the Discovery Material accordingly and retrieve such Discovery Material from any recipients who are not Qualified Recipients under this Order. After notice, such Discovery Material shall be treated as though it were properly marked when produced in accordance with the terms of this Order, and the Receiving Party shall take reasonable steps to ensure that no further disclosure to non-Qualified Recipients occurs. However, the Receiving Party shall not be liable for any disclosure prior to receiving notice, provided such disclosure is otherwise in accordance with the terms of this Order based on the level of confidentiality, or lack thereof, of the Discovery Material at the time of production.

12. Any party designating any person as a Qualified Recipient shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible, upon breach of such duty, for the failure of any such person to observe the terms of this Protective Order.

13. Nothing herein alters the Court's Order of September 17, 2003 granting the prior motion for confidentiality order limiting access and review of Defendant's Computer Software and/or Source Code to opposing counsel and independent experts only as agreed to by the parties. Such information shall be deemed "Highly Confidential" under this Order. The remainder of the Court's Order of September 17, 2003 denying protection of confidential information is superseded by the terms of this Order.

SIGNED and ENTERED this ___ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

_____
John W. MacPete
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, Texas 75225
Ph  (214) 292-8300
Fax (214) 292-8999

Camille M. Miller
COZEN & O'CONNOR.
1900 Market St.
Philadelphia, PA 19103
Ph  (215) 665-7273
Fax (215) 665-2013
**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING CORP.**

AGREED TO:

*[signature]*

Edward W. Goldstein
Jody Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South, Suite 400
Houston, Texas 77027
Ph  (713) 877-1515
Fax (713) 877-1737

Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Ph  (215) 735-8700
Fax (215) 735-5170
**ATTORNEYS FOR PLAINTIFF
EXPANSE NETWORKS, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § § | |
| PLAINTIFF, | § § | |
| vs. | § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | § § § | |
| DEFENDANT. | § | |

### CERTIFICATE OF CONFIDENTIALITY

I hereby acknowledge that I am about to receive classified information designated as "Confidential" and/or "Highly Confidential" supplied in connection with the litigation entitled *Expanse Networks, Inc. v. Catalina Marketing Corp.*, Civil Action No. 02-CV-2857, pending before the United States District Court for the Eastern District of Pennsylvania. I have received and read a copy of the Protective Order in this case dated _____, 2004, and I agree not to disclose this information except in accordance with the Protective Order.

Dated: _____, 2004       _____