UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXPANSE NETWORKS, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CATALINA MARKETING CORP., § <br> § <br> Defendant. § | Civil Action No. 02-CV-2857 |

**MEMORANDUM OF PLAINTIFF EXPANSE NETWORKS, INC.
IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER
REGARDING THIRD-PARTY SUBPOENAS**

Plaintiff Expanse Networks, Inc. ("Expanse") respectfully submits that Defendant Catalina Marketing Corp.("Catalina") has failed to meet the heavy burden associated with obtaining a protective order and, accordingly, its motion to preclude or limit Expanse's subpoenas to third-party witnesses should be denied.

**I. INTRODUCTION**

Expanse served subpoenas upon several of Catalina's clients in an effort to obtain information that has yet to be produced by Catalina. Subpoenas under Rule 45 of the Federal Rules of Civil Procedure are a proper means of obtaining information from non-parties. Had the documents sought in the subpoenas been produced by Catalina, there would have been no need to seek them from Catalina's clients.

Although Catalina makes boilerplate, unsubstantiated allegations that the subpoenas place an undue burden on and harass its clients, each client has been extremely cooperative, Catalina has yet to provide any evidence tending to show that any of its clients feels harassed, and Expanse has agreed to minimize the burden and expense on the third parties by extending response deadlines and reimbursing them for any costs of

1

copying and shipping.

Additionally, Catalina's fears regarding the confidentiality of the information produced by its clients are misplaced. The parties have agreed to a protective order which applies to all material produced or disclosed by all parties and third parties. Moreover, Expanse has agreed with each subpoenaed client that the current protective order will apply to any information produced.

Because Catalina has not shown good cause for the protective order and because there is no risk of dissemination of confidential information, Catalina's Motion for Protective Order should be denied.

## II. ARGUMENT

*A. Catalina has not shown good cause*

Rule 26(c) of the Federal Rules of Civil Procedure requires a showing of good cause before a protective order will issue. Catalina's citation from *United States v. Bell* is correct in stating that a "motion for protective order is a valid means for a party to object to third-party discovery". (Def.'s Mot. For Prot. Order at 3). However, as *Bell* goes on to provide, "Defendant bears the burden of establishing the merits of his motion", and "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning…will not suffice to establish good cause for a protective order pursuant to Rule 26(c)." *United States v. Bell*, 2002 U.S. Dist. LEXIS 14470 (M.D.Pa. 2002).

In the present case, Catalina has done no more than make the broad assertion that "not only does seeking this information from non-parties burden those parties, it burdens Catalina's relationship with those parties". (Def.'s Mot. For Prot. Order at 3). Catalina does not point to any specific examples of the "undue burden" prohibited by Rule 45(c)(3)(A)(iv) and has thus not established the need for a protective order.

Additionally, Expanse has cooperated with each witness to minimize the burden placed on the non-parties. Expanse has given the witnesses time extensions as requested and has provided a narrower scope of the requests when asked by a witness.

*B. Confidential Information is protected by the Agreed Protective Order*

Catalina further objects to the subpoenas of its clients on the basis that they seek information which is proprietary, confidential, or a trade secret. Catalina and Expanse have already entered an Agreed Amended Protective Order, which applies to "all material produced or disclosed in the Action" and specifically mentions third parties. (Agreed Amended Protective Order at 1-2). Expanse has already assured the subpoenaed witnesses that any information produced will be subject to the current protective order. No further protective order is required to assuage Catalina's fears regarding dissemination of confidential information.

*C. Information is not equally obtainable from Catalina*

Catalina's motion states that the information requested from its clients is obtainable from Catalina with no greater burden to Expanse. However, Catalina has yet to produce the documents requested in the subpoenas. For example, Request No. 5 of Plaintiff Expanse Networks, Inc.'s First Set of Requests for Production of Documents seeks "All documents which describe, summarize or refer to any market surveys for Catalina's retail services, including, but not limited to Market Logic, Loyalty Card Services, Loyalty Quotient and Customer Management Systems from 2001 to the present." Request No. 1 of the Subpoena seeks "All documents and things referring or relating to services performed for [client] by Catalina Marketing Corp., its divisions, and/or subsidiaries ("Catalina")." These two requests cover overlapping material. However, Catalina has not produced responsive documents and states that the

information in Request 1 is "clearly in possession, custody, and control of Catalina". If it is in fact true that the documents are in the possession, custody and control of Catalina, there is no excuse for continuing to withhold those documents regardless of the Court's decision regarding Catalina's Motion for Protective Order.

### III. CONCLUSION

In light of the foregoing facts and authorities, Plaintiff respectfully submits that Catalina's Motion for Protective Order should be denied.

Respectfully submitted,

Dated: April 30, 2004  _____
Steven M. Coren
Kaufman, Coren & Ress, P.C.
1525 Locust Street, 17th Floor
Philadelphia, PA 19102
Telephone: (215) 735-8700
Facsimile:  (215) 735-5170

ATTORNEYS FOR PLAINTIFF

Of counsel:

Edward W. Goldstein
Jody M. Goldstein
GOLDSTEIN & FAUCETT, LLP
1177 West Loop South, Suite 400
Houston, TX 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737