**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EXPANSE NETWORKS, INC. | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 02-CV-2857 |
| CATALINA MARKETING CORP. | : |

**ORDER**

AND NOW, this            day of May, 2004, upon consideration of Defendant's Motion for Protective Order Regarding Subpoenas Under Rules 26 and 45 and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] Under Fed.R.Civ.P. 26(c), the Courts may, "[u]pon motion by a party or person from whom discovery is sought...make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." The burden is on the party moving for the protective order to show good cause before the motion may be granted. First Fidelity Bancorporation v. National Union Fire Insurance Co., 1992 WL 46881 (E.D.Pa. 1992) at *3. See Also, Cipollone v. Liggett Group, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient to establish good cause for a protective order under Rule 26©). United States v. Bell, Civ. A. No. 01:CV-01-2159, 2002 U.S. Dist. LEXIS 14470 at *4 (M.D.Pa. June 13, 2002), citing Frank v. County of Hudson, 924 F.Supp. 620, 623 (D.N.J. 1996). In any event, the decision to award sanctions and/or issue a protective order are within the broad discretion of the district court in managing the case. Lewelling v. Farmers Insurance of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989).

Similarly, Fed.R.Civ.P. 45(c)(3)(A)(iv) authorizes a court to quash a subpoena if it subjects a person to an undue burden. The onus is on the party alleging that the subpoena violates Rule 45, which party must establish the violation with specificity. Gabe Staino Motors, Inc. v. Volkswagen of America, Inc., Civ. A. No. 99-5034, 2003 U.S. Dist. LEXIS 3194 at *5 (E.D.Pa. Feb. 28, 2003), citing Flatlow v. The Islamic Republic of Iran, 196 F.R.D. 203, 207 (D.D.C. 2000). See Also, Composition Roofers Union Local 30 Welfare Trust Fund v. Gravely Roofing Enterprises, Inc., 160 F.R.D. 70, 72 (E.D.Pa. 1995). An undue burden can be evaluated by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Gabe Staino, supra.
In this case, Defendant seeks to quash the subpoenas addressed to its

BY THE COURT:

_____
J. CURTIS JOYNER,          J.

---

clients and the issuance of a protective order because "the same or similar information can be obtained from it [Catalina]" directly and because it believes that Plaintiff's "attempt to obtain this information from [defendant's] customers is a cynical attempt to taint the customers with this lawsuit and to thereby harass both Catalina and its customers." Defendant further asserts that it considers the information sought to be confidential such that it should be disclosed pursuant to the parties' confidentiality order and that forcing the witnesses to whom the subpoenas have been directed to lodge and address similar objections in courts all over the country is counterproductive and burdensome to the witnesses, the defendant and the judicial system as a whole. These allegations are, without more, insufficient to sustain the heavy burden of proof imposed on the defendant as the moving party, particularly in view of Plaintiff's apparently unsuccessful efforts to first obtain the sought-after materials from the defendant directly and Plaintiff's agreement that all materials received pursuant to the subpoenas are subject to the earlier protective confidentiality order. It is respectfully suggested that if Defendant is concerned about its clients being harassed, it may wish to consider producing the documents and information sought itself.