FILE COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § | |
| PLAINTIFF, | § § | |
| vs. | § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | § § | |
| DEFENDANTS. | § § | |

## DEFENDANT CATALINA MARKETING CORPORATION'S
## FIRST SET OF INTERROGATORIES

TO: Plaintiff Expanse Networks, Inc. by and through its attorney of record, Edward Goldstein, GOLDSTEIN & POLASEK, 1177 West Loop South, Suite 400, Houston, TX 77027:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Catalina Marking Corp. ("Catalina") requests that Plaintiff Expanse Networks, Inc. ("Expanse") answer each of the following Interrogatories fully in writing under oath, unless it is objected to, in which event the Plaintiff shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. The answers and objections, if any, shall be served within 30 days after service of these interrogatories.

### DEFINITIONS AND INSTRUCTIONS

1.  The terms "EXPANSE NETWORKS, INC.," "EXPANSE," "YOU," and "YOUR" as used herein shall refer to Plaintiff Expanse Networks, Inc., and any and all of the subsidiaries and/or affiliates of Expanse, and its agents, directors, owners, officers, attorneys, employees, and/or their representatives.

2. The term "CATALINA" as used herein means Defendant Catalina Marketing Corp and its affiliates, subsidiaries, agents, employees, officers and/or representatives.

3. The phrase "the '348 PATENT" as used herein means United States Patent Number 6,298,348 titled "Consumer Profiling System" which was issued on October 2, 2001.

4. The phrase "the '129 PATENT" as used herein collectively means United States Patent No. 6,216,129 titled "Advertisement Selection System Supporting Discretionary Target Market Characteristics" which was issued on April 10, 2001.

5. The term "patents in suit" shall mean the '348 patent and the '129 patent, as those terms are defined herein.

6. The phrase "suit" or "lawsuit" refers to the cause numbered and styled as shown in the caption of this document.

7. The phrase "related patents or applications" shall mean any patent or application or foreign counterpart patent or application, whether issued or not, and including pending and abandoned applications, claiming priority from the '348 patent and/or the '129 patent or through the same parent or grandparent application as the '348 patent and/or the '129 patent or from which the '348 patent and/or the '129 patent directly or indirectly claims priority.

8. The term "DOCUMENT" as used herein shall have the broadest meaning used in the Federal Rules of Civil Procedure, including Rule 34.

9. The term "THING" as used herein shall mean any physical object other than a "document."

10. The term "IDENTIFY" when used in connection with "document" means to state the title, date, author(s), recipient(s), subject matter, present location, and present custodian of the DOCUMENT.

11. The term "IDENTIFY" when used in connection with "person" means to state (a) the name(s), including any former names or aliases, (b) present or last known place and address

of employment and telephone number (c) present or last known home address and telephone number, and (d) present or last known job title or position.

12. The term "IDENTIFY" when used in connection with "product" means to state the name and/or model number of the product, or any other identifying information.

13. "Concerning" means relating to, referring to, describing, evidencing or constituting.

14. "Describe" and/or "state" means to set forth fully and unambiguously each and every fact relevant to the interrogatory of which you have knowledge.

15. The connectives "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

16. "All" and "each" shall be construed as both all and each.

17. The terms "person" or "persons" include natural persons, firms, partnership, associations, joint ventures, corporations and business entities operating under an assumed name.

18. Whenever the masculine gender is used herein, it should be taken to include the feminine gender where appropriate.

19. The singular includes the plural and the plural includes the singular.

20. As used herein, the term "communicated" or "communication" means any transmission of information between or among two or more persons, by written, oral or any other means, without limitation.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each product made or used by Catalina that you contend infringes the patents in suit and identify each claims of the patents in suit allegedly infringed by each product.

**INTERROGATORY NO. 2:**

Identify all investigation(s) made by or on behalf of Expanse regarding whether any product made or used by Catalina infringes the patents in suit, including identifying the person(s) involved in the investigation, the date, the items considered, when and where such items were obtained, the conclusion reached in each investigation and all documents referring to or describing such investigation.

**INTERROGATORY NO. 3:**

Identify any statements made by or on behalf of Catalina that relate to the patents in suit or the subject matters of this suit. The term "statement" has the meaning given in Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Please state all facts relating to the development of each invention claimed in the patents in suit. Include in your answer the persons most knowledgeable, the circumstances under which each process or product was conceived and reduced to practice, the dates of conception and reduction to practice, and all actions taken between the dates of conception and reduction to practice relevant to the issues of suppression, concealment, abandonment, and diligence.

**INTERROGATORY NO. 5:**

Identify all evidence and documents that support your contention that Catalina has willfully infringed the patents in suit. State with specificity the actins taken by Catalina to allegedly willfully infringe the patents in suit and identify any conduct by Catalina that relates to allegedly willful infringing conduct.

**INTERROGATORY NO. 6:**

For each claim of the patents in suit alleged to be infringed by any Catalina product, provide a claim chart construing each element of such claim and identifying the support for such construction based on intrinsic or extrinsic evidence, identifying each part in any Catalina product that corresponds to each element of such claim, and stating whether the allegation of infringement is literal or under the doctrine of equivalents..

**INTERROGATORY NO. 7:**

Identify every instance where Plaintiff has alleged that any entity is infringing or has infringed any claim of the patents in suit and provide the name and address of each entity against which the patents in suit have been asserted, including but not limited to assertion by official notification of the patents in suit, a cease and desist letter, or initiation of litigation, and the specific claims of the patents in suit that were asserted.

**INTERROGATORY NO. 8:**

Identify all licenses offered, proposed, negotiated or entered into between Plaintiff and any third parties related to the patents in suit, including the identity of the third party and any documents related thereto.

**INTERROGATORY NO. 9:**

Identify each person assisting in answering these interrogatories and for each such person state which interrogatories that person assisted in answering.

**INTERROGATORY NO. 10:**

Identify every fact supporting Plaintiff's allegations states in paragraphs 10, 11, 12, 13, 14, 15, and 16 of Plaintiff's original Complaint.

## INTERROGATORY NO. 11:

Identify every fact supporting Plaintiff's reduction to practice of the inventions disclosed in the '129 patent and the '348 patent.

## INTERROGATORY NO. 12:

Identify all expert witnesses that Expanse expects to call at trial, including each such witness' last known address and telephone number, the subject matter on which each expert witness is expected tot testify, including but not limited to the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, and the qualifications of each expert, including but not limited to the experts educational background, employment history, any prior expert witness testimony, and any publications of the expert.

Dated: May 1, 2003

_____
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999
Paul V. Storm
Texas Bar No. 19325350
Dawn C. Wolff
Texas Bar No. 24028235

**ATTORNEYS FOR DEFENDANT CATALINA MARKETING CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2003 a copy of the forgoing document described as **DEFENDANT CATALINA MARKETING CORP.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF EXPANSE NETWORKS, INC.** has been served by first class mail service in accordance with the Federal Rules of Civil Procedure upon the following:

**Attorney for Plaintiff**

Edward W. Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737