FILE COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXPANSE NETWORKS, INC. § | |
| § | |
| PLAINTIFF, § | |
| § | |
| vs. § | C.A. NO. 02-CV-2857 |
| § | |
| CATALINA MARKETING CORP., § | |
| § | |
| DEFENDANTS. § | |

### DEFENDANT CATALINA MARKETING CORPORATION'S
### FIRST REQUEST FOR PRODUCTION

TO: Plaintiff Expanse Networks, Inc. by and through its attorney of record, Edward Goldstein, GOLDSTEIN & POLASEK, 1177 West Loop South, Suite 400, Houston, TX 77027:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Catalina Marking Corp. ("Catalina") requests that Plaintiff Expanse Networks, Inc. ("Expanse") produce for inspection and copying the following documents and things in the possession, custody or control of Plaintiff. The requested documents and things are to be made available for inspection and copying at the offices of Storm & Hemingway, LLP 8117 Preston Rd. Ste. 460, Dallas, Texas 75225, within 30 days of service of this request, or at such other time and location as may be mutually agreed upon by the parties. Documents either shall be produced as they are kept in the ordinary course of business or they shall be organized and labeled to correspond with the categories set forth in these Requests, as required by Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1. The terms "EXPANSE NETWORKS, INC.," "EXPANSE," "YOU," and "YOUR" as used herein shall refer to Plaintiff Expanse Networks, Inc., and any and all of the subsidiaries and/or affiliates of Expanse, and its agents, directors, owners, officers, attorneys, employees, and/or their representatives.

2. The term "CATALINA" as used herein means Defendant Catalina Marketing Corp and its affiliates, subsidiaries, agents, employees, officers and/or representatives.

3. The phrase "the '348 PATENT" as used herein means United States Patent Number 6,298,348 titled "Consumer Profiling System" which was issued on October 2, 2001.

4. The phrase "the '129 PATENT" as used herein collectively means United States Patent No. 6,216,129 titled "Advertisement Selection System Supporting Discretionary Target Market Characteristics" which was issued on April 10, 2001.

5. The term "patents in suit" shall mean the '348 patent and the '129 patent, as those terms are defined herein.

6. The phrase "suit" or "lawsuit" refers to the cause numbered and styled as shown in the caption of this document.

7. The phrase "related patents or applications" shall mean any patent or application or foreign counterpart patent or application, whether issued or not, and including pending and abandoned applications, claiming priority from the '348 patent and/or the '129 patent or through the same parent or grandparent application as the '348 patent and/or the '129 patent or from which the '348 patent and/or the '129 patent directly or indirectly claims priority.

8. The term "DOCUMENT" as used herein shall have the broadest meaning used in the Federal Rules of Civil Procedure, including Rule 34.

9. The term "THING" as used herein shall mean any physical object other than a "document."

**DEFENDANT CATALINA MARKETING CORP'S FIRST REQUEST FOR PRODUCTION**     2

10. "Concerning" means relating to, referring to, describing, evidencing or constituting.

11. As used herein, the term "communicated" or "communication" means any transmission of information between or among two or more persons, by written, oral or any other means, without limitation.

12. The connectives "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

13. "All" and "each" shall be construed as both all and each.

14. The terms "person" or "persons" include natural persons, firms, partnership, associations, joint ventures, corporations and business entities operating under an assumed name.

15. Whenever the masculine gender is used herein, it should be taken to include the feminine gender where appropriate.

16. The singular includes the plural and the plural includes the singular.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

All documents and things identified in your response to Plaintiff's First Set of Interrogatories.

### REQUEST NO. 2:

All documents referring to the '129 Patent and '348 patents, including without limitation: (i) internal correspondence and memoranda; (ii) correspondence with persons or entities not employed by Plaintiff; (iii) all documents submitted to or received from the U.S. Patent and Trademark Office; and (iv) all documents pertaining to the preparation and prosecution of any application leading to the issuance of the patents in suit, including any pending or abandoned

**DEFENDANT CATALINA MARKETING CORP'S FIRST REQUEST FOR PRODUCTION**                3

applications related to the patents in suit, or patents or applications that claim priority to the patents in suit.

**REQUEST NO. 3:**

All patents and patent applications (foreign, domestic, pending, abandoned or issued) owned or controlled by Plaintiff that refer to product(s) that relate to targeted marketing.

**REQUEST NO. 4:**

All documents and things referring to or evidencing Plaintiff's development of any product(s) that embody or contain any products or methods disclosed or claimed in the '129 or '348 patent or any other targeted marketing products or services.

**REQUEST NO. 5:**

All documents and things sufficient to identify every product or service ever sold by Plaintiff that embodies or contains any products or methods disclosed or claimed in the '129 or '348 patent or any other targeted marketing products or services, including documents containing or referring to actual unit sales, price, and revenue data.

**REQUEST NO. 6:**

All documents referring to or evidencing the conception and reduction to practice, including without limitation, the date of conception and reduction to practice, of any product(s) that embody or contain any of the products or methods disclosed in the patents in suit.

**REQUEST NO. 7:**

All documents referring to, evidencing, or showing the structure, function or operation of any product(s) that embody or contain any of the products or methods disclosed in the '129 and/or '348 patents, whether such system was commercialized or not.

**REQUEST NO. 8:**

All documents referring to, evidencing, or showing when Plaintiffs first learned of Catalina and its products.

**REQUEST NO. 9:**

All source code, including, but not limited to commented source code, pertaining to all features and functions of all product(s) that embody or contain any of the products or methods disclosed in the '129 and/or '348 patents.

**REQUEST NO. 10:**

All documents and things that refer to or relate to the first disclosure of the subject of the patents in suit to any person not employed by Plaintiff.

**REQUEST NO. 11:**

Documents sufficient to identify all persons involved with the preparation and prosecution of the patents in suit.

**REQUEST NO. 12:**

All documents and things that refer or relate to or constitute any prior art or search for prior art with respect to the subject matter of the patents in suit.

**REQUEST NO. 13:**

All documents and things that refer or relate to any consideration given as to whether or not an application (including continuations of any type, reissue or reexaminations) for the patents in suit or any related patent or patent application should be filed.

**REQUEST NO. 14:**

All documents and things referring or relating to Catalina's alleged infringement of any claim of the patents in suit.

**REQUEST NO. 15:**

All documents that refer to or evidence any license agreement, offers to license, license negotiations, license payment structures or royalty rates for any product(s) that embody or contain any products or inventions of the patents in suit between Plaintiff and anyone.

**REQUEST NO. 16:**

All documents and things that refer to or relate to any charge of infringement considered or made by Plaintiff against any third parties with respect to the patents in suit.

**REQUEST NO. 17:**

All documents and things that refer or relate to any lawsuit, arbitration or other legal or administrative proceedings involving the patents in suit.

**REQUEST NO. 18:**

All documents and things that refer or relate to any communication between Plaintiff and anyone regarding this litigation.

**REQUEST NO. 19:**

Any and all documents constituting, evidencing, or referring to any information, including but not limited to any prior art, considered in any search, analysis, or opinion regarding the validity or invalidity, enforceability or non-enforceability, infringement (by anyone) or non-infringement, or scope of the patents in suit or any claim thereof.

**REQUEST NO. 20:**

Any and all documents evidencing or referring to any analysis or opinion regarding the materiality or non-materiality of any reference, use, sale, product or publication to the patentability, or anticipation or obviousness, of any invention claimed in the patents in suit.

**REQUEST NO. 21:**

Any and all documents reflecting or tending to prove or disprove that any invention claimed in the patents in suit was known or used by others in the United States, or patented or described in a printed publication in the United States or a foreign country before its filing date.

**REQUEST NO. 22:**

All documents referring or relating to any injury suffered by or damages caused to Expanse by Catalina's alleged infringement.

**REQUEST NO. 23:**

All contracts, employment agreements or other documents executed by any inventor of the patents in suit and any related patents that refer or relate to the transfer of ownership rights in the patents in suit or any related patents.

Dated: May 1, 2003

_____
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999
Paul V. Storm
Texas Bar No. 19325350
Dawn C. Wolff
Texas Bar No. 24028235

**ATTORNEYS FOR DEFENDANT CATALINA MARKETING CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing DEFENDANT CATALINA MARKETING CORP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS. has been served on this May 1, 2003, via first class mail upon the following:

**Attorney for Plaintiff**

Edward W. Goldstein
GOLDSTEIN & POLASEK
1177 West Loop South. Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737