UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXPANSE NETWORKS, INC., § § Plaintiff, § § § Civil Action No. 02-CV-2857 § v. § JURY DEMANDED § CATALINA MARKETING CORP., § § Defendant. § | |

**PLAINTIFF EXPANSE NETWORKS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Expanse Networks Inc. ("Expanse") serves these objections and responses to Catalina Marketing Corp.'s ("Catalina") First Request for Production.

**PRELIMINARY STATEMENT**

Expanse reserves the right to supplement its responses in the event that further documents are uncovered. These responses are made without prejudice to Expanse's right to develop and use information not provided herein, including information or documents whose relevance or significance are yet to be ascertained. Expanse will, on reasonable notice, allow Catalina full access to Expanse's files to mark for copying any additional documents it believes are responsive to its pending discovery requests.

**EXPANSE'S GENERAL OBJECTIONS**

1.     For each request, Expanse objects to any request to the extent it asks Expanse to produce documents that are subject to a valid claim of privilege or work product immunity. Such documents will not be produced, but will instead be accounted for on a

1

privilege log in accordance with the Federal Rules of Civil Procedure. Such information will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product immunity that may attach thereto.

2. Expanse objects to each request to the extent that it calls for the production of documents and items which are irrelevant and are unrelated to any matter raised by the pleadings, and are not materially necessary to the prosecution and defense of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Expanse's responses to each request does not in any way represent or imply an admission that the requested documents exist or are in the custody, possession or control of Expanse.

4. The fact that Expanse produces documents does not in any way represent or imply that they are responsive to any Catalina request.

5. Expanse's production of documents does not constitute any admission or waiver as to the documents' admissibility or relevance.

6. The fact that Expanse agrees to produce documents or things responsive to a request means that Expanse will make reasonable efforts to locate these materials — it is not an admission that such documents or things exist or are in the possession, custody or control of Expanse.

7. Expanse objects to the requests to the extent they seek the production of documents that could be subject to a Nondisclosure Agreement with a non-party or other agreement with a non-party that restricts Expanse's ability to produce such documents.

8. Some of the documents Expanse is producing may contain non-responsive and

confidential information and trade secrets. By producing these documents to Catalina, Expanse is not waiving its right to redact non-responsive portions and account for them in a log.

## OBJECTIONS AND ANSWERS TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

All documents and things identified in your response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 2:**

All documents referring to the '129 Patent and '348 Patent, including without limitation: (i) internal correspondence and memoranda; (ii) correspondence with persons or entities not employed by Plaintiff; (iii) all documents submitted to or received from the U.S. Patent and Trademark Office; and (iv) all documents pertaining to the preparation and prosecution of any application leading to the issuance of the patents in suit, including any pending or abandoned applications related to the patents in suit, or patents or applications that claim priority to the patents in suit.

**RESPONSE:**

Expanse objects to this request as overly broad and unduly burdensome to the

extent it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request is overly broad in that it seeks documents which are outside the custody or control of Expanse.

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 3:**

All patents and patent applications (foreign, domestic, pending, abandoned or issued) owned or controlled by Plaintiff that refer to product(s) that relate to targeted marketing.

**RESPONSE:**

Expanse objects to this request as vague and ambiguous to the extent that the term "refer" is undefined. Thus, it is difficult for Expanse to determine which documents would be responsive to this request.

Expanse objects to this request as being cumulative to request No. 2.

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine in that it seeks patent applications.

Expanse objects to this request as overly broad in that it calls for information outside the scope of this litigation.

Subject to the foregoing objections and the General Objections, Expanse will

produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 4:**

All documents and things referring to or evidencing Plaintiff's development of any product(s) that embody or contain any products or methods disclosed or claimed in the '129 or '348 patents or any other targeted marketing products or services.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Expanse objects to this request as overly broad in that it calls for information outside the scope of this litigation as it calls for information regarding development of "any other targeted marketing products or services."

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control if such documents exist.

**REQUEST NO. 5:**

All documents and things sufficient to identify every product or service ever sold by Plaintiff that embodies or contains any products or methods disclosed or claimed in the '129 or '348 patent or any other targeted marketing products or services, including documents containing or referring to actual unit sales, price and revenue data.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Expanse responds that there are no responsive documents. Expanse has never sold any product or service that

embodies or contains any products or methods disclosed or claimed in the '129 or '348 patents or any other targeted marketing products or services.

**REQUEST NO. 6:**

All documents referring to or evidencing the conception and reduction to practice, including without limitation, the date of conception and reduction to practice, of any product(s) that embody or contain any of the products or methods disclosed in the patents in suit.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 7:**

All documents referring to, evidencing, or showing the structure, function or operation of any product(s) that embody or contain any of the products or methods disclosed in the '129 and/or '348 patents, whether such system was commercialized or not.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody

or control.

**REQUEST NO. 8:**

All documents referring to, evidencing or showing when Plaintiffs first learned of Catalina and its products.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 9:**

All source code, including, but not limited to commented source code, pertaining to all features and functions of all product(s) that embody or contain any of the products or methods disclosed in the '129 and/or '348 patents.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product. Expanse objects to this request as vague and ambiguous to the extent that it requests "all source code," a term which is undefined. Expanse objects to the request as overly broad and unduly burdensome as it asks for source code "pertaining to all features and functions of all product(s)."

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody

or control.

**REQUEST NO. 10:**

All documents and things that refer to or relate to the first disclosure of the subject of the patents in suit to any person not employed by Plaintiff.

**RESPONSE:**

Expanse objects to this request as overly broad and unduly burdensome to the extent it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 11:**

Documents sufficient to identify all persons involved with the preparation and prosecution of the patents in suit.

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 12:**

All documents and things that refer or relate to or constitute any prior art or search for prior art with respect to the subject matter of the patents in suit.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Expanse objects to this request as overly broad and unduly burdensome to the extent it seeks production of documents "that refer or relate to or constitute any prior art or search for prior art." Requiring the production every prior art item is completely unreasonable and overly burdensome.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 13:**

All documents and things that refer or relate to any consideration given as to whether or not an application (including continuations of any type, reissue or reexaminations) for the patents in suit or any related patent or patent application should be filed.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 14:**

All documents and things referring or relating to Catalina's alleged infringement

of any claim of the patents in suit.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 15:**

All documents and things that refer or evidence any license agreement, offers to license, license negotiations, license payment structures or royalty rates for any product(s) that embody or contain any products or inventions of the patents in suit between Plaintiff and anyone.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 16:**

All documents and things that refer to or relate to any charge of infringement considered or made by Plaintiff against any third parties with respect to the patents in suit.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product. Expanse objects to this request to the extent it seeks information that is not relevant or likely to lead to production that is discoverable or relevant in this case.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 17:**

All documents and things that refer or relate to any lawsuit, arbitration or other legal or administrative proceedings involving the patents in suit.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 18:**

All documents and things that refer or relate to any communication between Plaintiff and anyone regarding this litigation.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product. Expanse objects to this

request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 19:**

Any and all documents constituting, evidencing or referring to any information, including, but not limited to any prior art, considered in any search, analysis, or opinion regarding the validity or invalidity, enforceability or non-enforceability, infringement (by anyone) or non-infringement, or scope of the patents in suit or any claim thereof.

**RESPONSE:**

Expanse objects to this request as overly broad and unduly burdensome. Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product. Expanse objects to this request as cumulative to Request No. 12.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 20:**

Any and all documents evidencing or referring to any analysis or opinion regarding the materiality or non-materiality of any reference, use, sale, product or publication to the patentability, or anticipation or obviousness, of any invention claimed in the patents in suit.

**RESPONSE:**

Expanse objects to this request as overly broad and unduly burdensome to the extent it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Expanse objects to this request as cumulative to Request No. 19.

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 21:**

Any and all documents reflecting or tending to prove or disprove that any invention claimed in the patents in suit was known or used by others in the United States, or patented or described in a printed publication in the United States or a foreign country before its filing date.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 22:**

All documents referring or relating to any injury suffered by or damages caused to Expanse by Catalina's alleged infringement.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

**REQUEST NO. 23:**

All contracts, employment agreements or other documents executed by any inventor of the patents in suit and any related patents that refer or relate to the transfer of ownership rights in the patents in suit or any related patents.

**RESPONSE:**

Expanse objects to this request to the extent that it seeks information protected by the attorney-client privilege or the rules governing work product.

Subject to the foregoing objections and the General Objections, Expanse will produce non-privileged, non-protected, responsive documents in its possession, custody or control.

Dated: June 3, 2003                                    /s/ Steven M. Coren

Of counsel:
Edward W. Goldstein                        Steven M. Coren
Jody M. Goldstein                          Kaufman, Coren & Ress, P.C.
GOLDSTEIN & FAUCETT, LLP                   1525 Locust Street, 17th Floor
1177 West Loop South, Suite 400            Philadelphia, PA 19102
Houston, TX 77027                          Telephone: (215) 735-8700
Telephone: (713) 877-1515                  Facsimile: (215) 735-5170
Facsimile: (713) 877-1737

Jonathan T. Suder
Edward E. Casto, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400 - Telephone
(817) 334-0401 - Facsimile


ATTORNEYS FOR PLAINTIFF


F:\CLIENT\3\3964\002\disc\Responses\1st set of RFP.doc