Application/Control Number: 09/268,519                                              Page 2

Art Unit: 2771

This is in response to Applicant's amendment filed on June 30, 2000 in which claims 1-15 were canceled and claims 16-50 were added.

Claims 16-50 are now presented for Examination.

### Claim Rejections - 35 USC § 101

1.   35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

2.   Claims 16-47 are rejected under 35 U.S.C. 101 because the claimed invention is not supported by either a computer or a machine or manufacture for performing a process or a specific machine or manufacture, asserted utility or a well established utility.

According to the examination guidelines for computer related inventions, claims that are simply a merely manipulated abstract idea or a solution to a purely mathematical problem without any limitation to a practical application are Non-Statutory and are therefore not in compliance with 35 U.S.C. 101. In this case, a series of steps to perform "profiling a consumer based on multiple purchase made by the consumer is claimed. The subject matter of these claims are not seem to rise to the level of manipulation of abstract ideas.. According to the Examination Guidelines for Computer Related Inventions, 61 Fed. Reg. 7478 (1996), a computer related process must either: (1) result in a physical transformation outside the computer for which a practical application in the technological arts is either disclosed in the specification or would have

CAT 000959

Application/Control Number: 09/268,519 Page 3
Art Unit: 2771

been known to a skilled artisan or (2) be limited by the language in the claim to a practical application within the technological arts.

Claims 16-47 simply do not specify that the subject matter result in any physical transformation, the system being entirely abstract; nor is it limited by language in the claims to a practical application within the technological art. Therefore, these claims are not tied to something concrete and tangible (see In re Warmerdam, 33 F.3d at 1360, 31 USPQ2d at 1759; and In re Schrader, 22 F.3d at 295, 30 USPQ2d at 1459).

Claims 16-47 are also rejected under 35 U.S.C. 112, first paragraph. Specifically, since the claimed invention is not supported by either a computer or a machine or manufacture for performing a process or a specific machine or manufacture or asserted utility or a well established utility for the reasons set forth above, one skilled in the art clearly would not know how to use the claimed invention.

### *Claim Rejections - 35 USC § 112*

3.  The following is a quotation of the second paragraph of 35 U.S.C. 112:

    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

4.  Claim 16-47 are rejected under 35 U.S.C. 112, second paragraph, as being vague and indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

CAT 000960

**Remarks**

*Status*

The Examiner rejected claims 16-50 (all of the pending claims). Claims 17, 23, 38 and 44 have been cancelled. It is submitted that the remaining claims (claims 16, 18-22, 24-37, 39-43 and 45-50) are patentable over the cited references for at least the reasons discussed below.

*Discussion*

The Examiner rejected claims 16-47 under 35 U.S.C. §101 and 35 U.S.C. §112 first paragraph because the claimed invention was not supported by a computer or machine. The Examiner rejected claims 16-47 under 35 U.S.C. §112 second paragraph as being vague and indefinite for the informalities pointed out by the Examiner. Independent claims 16, 34 and 39 have been amended to identify that the method and system are computer implemented and to correct the noted informalities. Independent claim 38 and dependent claims 17, 23 and 44 were canceled. The amendments to the claims clearly overcome the rejections and should thus be entered. The rejection of claims 16, 18-22, 24-37, 39-43 and 45-47 should accordingly be withdrawn.

The Examiner rejected claims 16-19, 31-33, 35, 38, 39, and 48-50 under 35 U.S.C. 102(b) as being anticipated by *Deaton et al. (U.S.P. 5,687,322)*. The Examiner rejected claims 20-30, 34, 35, 37, and 40-47 under 35 U.S.C. 103(a) as being unpatentable over *Deaton et al.* The Examiner rejected claim 36 under 35 U.S.C. 103(a) as being unpatentable over *Deaton et al.* in view of *Holman (U.S.P. 5,285,278)*. Independent claims 16 and 39 have been amended to include the limitations of dependent claims 23 and 44 (which have been canceled) respectively. The amendments should be entered as the amendments simply convert dependent claims (23 and 44) to independent claims (16 and 39) and do not change the scope of the claims. The rejection is respectfully traversed as it is submitted that claims 16, 18-22, 24-37, 39-43 and 45-50 are patentable over the cited references for at least the reasons discussed below.

Amendment AF                     -11-                    (09/268,519) 

CAT 000982