**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
EXPANSE NETWORKS, INC.        : CIVIL ACTION
                              :
     vs.                      :
                              : NO. 02-2857
CATALINA MARKETING CORP.      :
```

**ORDER**

AND NOW, this         day of August, 2004, upon consideration of Defendant's Motion to Compel Deposition Testimony and Production of Documents and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Plaintiff is DIRECTED to produce all data and/or documents which have been reviewed, received or used by Dr. Charles Elderling in forming the opinions upon which he is expected to testify as an expert witness in this case.[1]

BY THE COURT:

_____
J. CURTIS JOYNER,      J.

---

[1] In so holding, we cannot find that Defendant's inquiry into Plaintiff's negotiations for the sale or license of its patent portfolio has any relevance to this case and thus we see no reason to re-depose Dr. Elderling on this point. We further find that, by failing to file timely objections to No. 22 of Defendant's Second Request for Production, Plaintiff waived any objections it may have had thereto. For this reason, we direct that it must produce all of the documents received or reviewed by those expert witnesses whom it expects to testify on its behalf. See Generally, Fed.R.Civ.P. 26(a)(2), (b)(1) and (4); Fed.R.Civ.P. 34(b); Coregis Insurance Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D.Pa. 1999); Puricelli v. Borough of Morrisville, 136 F.R.D. 393, 396 (E.D.Pa. 1991).