IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPANSE NETWORKS, INC. | § § | |
| PLAINTIFF, | § § | |
| vs. | § § | C.A. NO. 02-CV-2857 |
| CATALINA MARKETING CORP., | § § § | |
| DEFENDANT. | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO STAY

Dated: September 14, 2004

Eric Kraeutler (Pa. Bar No. 32189)
John V. Gorman (Pa. Bar No. 80631)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone No.: (215) 963-5000
Facsimile No.: (215) 963-5001

John W. MacPete
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999

**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING CORP.**

## TABLE OF CONTENTS

I. Factual Background ................................................................................................1

II. Argument ..................................................................................................................1

    A. Legal Standards for Granting a Stay................................................................1

    B. A Stay is Warranted in this Case ...................................................................3

III. Conclusion................................................................................................................5

**I.      FACTUAL BACKGROUND**

Plaintiff Expanse Networks, Inc. ("Expanse") filed suit in 2002 against Defendant Catalina Marketing Corp. ("Catalina") asserting that Catalina infringes certain claims of Expanse's U.S. Patent Nos. 6,216,129 ("the '129 patent") and 6,298,348 ("the '348 patent").[1] Catalina denies infringement under a proper construction of the claims of the '129 and '348 patents and asserts that, under Expanse's proposed construction, the claims at issue are invalid. The parties have fully briefed the issue of claim construction and the Court conducted a *Markman* hearing on July 19, 2004. Catalina filed Motions for Summary Judgment of non-infringement and for invalidity for the '129 and '348 patents on June 25, 2004. Before the Court can decide the issues of non-infringement and invalidity on summary judgment, it must construe the meaning of the disputed claim terms and issue its *Markman* ruling. To avoid unnecessary costs and expenditures of time and effort by both the parties and the Court, Catalina requests this Court stay the proceedings pending its rulings on claim construction and the summary judgment motions. Additionally, because the parties are currently discussing the possibility of settlement, a stay would facilitate settlement discussions by allowing the parties to allocate their resources to settlement instead of trial preparation.

**II.     ARGUMENT**

**A. LEGAL STANDARDS FOR GRANTING A STAY**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket and to ensure that cases proceed before

---

[1] Since the parties have last appeared before this Court, Expanse has assigned its entire right title and interest to the patents at issue to Prime Research Alliance E, Inc., ("Prime Research"). Prime Research

it in a timely and orderly manner with judicial, client, and counsel economy. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (holding that a district court has inherent power to stay proceedings, provided the stay is within fair time limits and is not an abuse of discretion); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983) (asbestos case regarding the court's inherent power to stay proceedings to promote fair and efficient adjudication); *see also Webb v. Rowland & Co.*, Inc., 800 F.2d 803, 808 (8th Cir. 1986) ("The district court also has the inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."); *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978) ("It is axiomatic that the district court has inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion…. The power to grant or deny a continuance is a basic tool committed to the discretion of the trial court to effectuate this purpose."), *quoting*, *United States v. Correia*, 531 F.2d 1095, 1098 (1st Cir. 1976). The grant of a stay is a decision properly vested in the discretion of the trial courts. *See Gold,* 723 F.2d at 1077, *citing*, *Landis*, 299 U.S. 248. Therefore, this Court may, in its discretion, grant the stay requested herein to conserve judicial resources, as well as those of the parties.

Under similar circumstances involving consideration of a motion to stay patent infringement litigation in light of reexamination proceedings by the United States Patent and Trademark Office ("PTO"), courts generally consider the following factors in determining whether a stay is warranted: (1) whether a stay would unduly prejudice the

---

has not yet been substituted into the case as a party.

nonmoving party or present a clear tactical advantage for the moving party, (2) whether a stay will simplify the issues, and (3) whether discovery is completed and whether a trial date has been set. *See In Re Laughlin Prods., Inc., Patent Litigation*, 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003) (granting stay of patent infringement action pending reexamination of the patent at issue by the PTO); *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, No. 4:03-cv-40493, 2004 U.S. Dist. LEXIS 16812, at *11-12 (S.D. Iowa 2004) (stay granted where judicial efforts that would be preserved by a stay in a patent infringement action outweighed any additional cost in staying the proceedings). Although the present case does not involve a reexamination, these factors are relevant to the exercise of the Court's discretion in considering Catalina's requested stay.

### B. A STAY IS WARRANTED IN THIS CASE

Judicial economy, as well as the interests of the parties in lowering the expense of this case, is best served by granting a stay of this case pending issuance of the Court's claim construction. The claim construction ruling plays a central role in defining the scope of trial and the parties' pretrial preparation and strategy. Even more importantly, the claim construction ruling plays a central role in the potential to avoid trial altogether since claim construction impacts the decision on Catalina's motions for summary judgment. Claim construction is the key to deciding the issues in this case because it is the first step in both an infringement analysis (under Plaintiff's patent infringement claims) and an invalidity analysis (under Catalina's counterclaims for invalidity). *See National Steel Car Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1334 (Fed. Cir. 2004); *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1344 (Fed. Cir. 2002). The

Court's claim construction ruling, and subsequent rulings on Catalina's motions for summary judgment, may also play a substantial role in the parties' settlement negotiations, which may also lead to the avoidance of trial. The pivotal nature of claim construction and of the Court's rulings on summary judgment, in potentially avoiding trial or at least narrowing the issues needed for trial, warrants a stay of these proceedings until such rulings are issued.

Consideration of the factors discussed above weigh in favor of granting a stay in this case. Expanse would not be unduly prejudiced and Catalina would not receive an unfair tactical advantage since both parties would benefit from a stay pending the *Markman* and summary judgment rulings. The issues for trial are highly likely to be narrowed, if not eliminated altogether, by these ruling. Narrowing or elimination of issues for trial results in reducing time and expense for both parties associated with trial preparation on unnecessary issues and will likely shorten the length of trial, if any. Additionally, the *Markman* ruling may limit the issues in the pending motions for summary judgment, which may reduce the need for further briefing by the parties and decision by the Court. The outcome of these rulings may also promote settlement of this case. Judicial economy would be best served by staying this matter to avoid potentially unnecessary consideration of pre-trial matters, including the final pre-trial conferences, jury instructions, and motions in limine, thus, easing or eliminating the burden on this Court's time and resources and attorneys' time in preparation of issues for trial that may ultimately become moot by way of the Court's rulings on claim construction and summary judgment. Judicial, counsel, and litigant economy are best served by a stay

pending the resolution of these motions by way of potentially disposing of the litigation, reducing and/or limiting the issues for trial, promoting settlement, and lessening time and costs to the Court, counsel, and litigants.

In addition to the benefits of staying this case as a means of reducing potentially unnecessary workload for all those involved, a stay is requested in this case because of unforeseen circumstances affecting Catalina's ability to assist its counsel in pretrial preparation. The recent hurricanes hitting Florida, where Catalina is headquartered, and the accompanying evacuations have impacted Catalina's ability to effectively participate in pretrial preparation. A stay would provide Catalina additional time to recover from the hurricanes before engaging in pretrial preparation and participating in trial, if one trial is necessary, after the Court's summary judgment rulings.

## III.   CONCLUSION

To prevent the potentially unnecessary expenditure of this Court's resources, attorneys' time, and cost to litigants, Catalina requests that this Court stay all further proceedings in this action pending the resolution of the Court's rulings on claim construction, and Defendant's Motions for Summary Judgment on non-infringement and invalidity of the '129 and '348 patents.

Date:  September 14, 2004    Respectfully Submitted,

s/John V. Gorman
Eric Kraeutler (Pa. Bar No. 32189)
John V. Gorman (Pa. Bar No. 80631)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone No.: (215) 963-5000
Facsimile No.:  (215) 963-5001

John W. MacPete
Paul V. Storm
STORM & HEMINGWAY, L.L.P.
8117 Preston Road, Suite 460
Dallas, TX 75225
Telephone No.: (214) 292-8300
Facsimile No.: (214) 292-8999

**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING CORP.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO STAY** and brief in support thereof was served upon the attorneys of record of all parties in accordance with Federal Rules of Civil Procedure, on this 14th day of September, 2004, as follows:

**VIA HAND DELIVERY**

Steven M. Coren, Esq.
1525 Locust St., 17th Floor
Philadelphia, PA 19102
Tel: (215) 735-8700
Fax: (215) 735-5170

**VIA E-MAIL AND FIRST CLASS MAIL**

Edward W. Goldstein
GOLDSTEIN & FAUCETT
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737

                                                            s/John V. Gorman
                                                            John V. Gorman